# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| JERMAINE SMITH, | ) |
| Petitioner, | ) |
| | ) NOs. 3:17-cv-00650, 3:17cv00651 |
| v. | ) |
| | ) JUDGE CAMPBELL |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

## MEMORANDUM

### I. Introduction

Pending before the Court are Petitioner's *pro se* Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Doc. Nos. 1, 2 in Case Nos. 3:17-cv-00650 and 3:17-cv-00651); an Amended Motion to Vacate, Set Aside, or Correct a Sentence (Doc. No. 12 in Case No. 3:17-cv-00650; Doc. No. 17 in Case No. 3:17-cv-00651), filed by counsel for Petitioner; the Government's Response (Doc. No. 17 in Case No. 3:17-cv-00650; Doc. No. 22 in Case No. 3:17-cv-00651); Petitioner's Reply (Doc. No. 21 in Case No. 3:17-cv-00650; Doc. No. 25 in Case No. 3:17-cv-00651); Petitioner's Supplemental Reply Brief (Doc. No. 27 in Case No. 3:17-cv-00650; Doc. No. 30 in Case No. 3:17-cv-00651); Petitioner's Second Supplemental Reply Brief (Doc. No. 28 in Case No. 3:17-cv-00650; Doc. No. 31 in Case No. 3:17-cv-00651); Petitioner's Third Supplemental Reply Brief (Doc. No. 30 in Case No. 3:17-cv-00650; Doc. No. 32 in Case No. 3:17-cv-00651); Petitioner's Fourth Supplemental Brief (Doc. No. 36 in Case No. 3:17-cv-00650; Doc. No. 38 in Case No. 3:17-cv-00651); Petitioner's Motion to Grant Relief (Doc. No. 38 in Case No. 3:17-cv-00650); the Government's Supplemental Response (Doc. No. 43 in Case No. 3:17-cv-

00650; Doc. No. 44 in Case No. 3:17-cv-00651); and Petitioner's *pro se* Traverse (Doc. No. 46 in Case Nos. 3:17-cv-00650 and 3:17-cv-00651).

For the reasons set forth below, Petitioner's *pro se* Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Doc. Nos. 1, 2 in Case Nos. 3:17-cv-00650 and 3:17-cv-00651); Amended Motion to Vacate, Set Aside, or Correct a Sentence (Doc. No. 12 in Case No. 3:17-cv-00650; Doc. No. 17 in Case No. 3:17-cv-00651); and Motion to Grant Relief (Doc. No. 38 in Case No. 3:17-cv-00650) are **GRANTED** in part, and **DENIED** in part. Accordingly, the Court will vacate Petitioner's convictions for violations of 18 U.S.C. § 924(c) and enter amended judgments in Criminal Case Nos. 3:09-cr-00240 and 3:11-cr-00117.

Also pending before the Court is a Joint Motion to Consolidate (Doc. No. 58 in Case Nos. 3:17-cv-00650 and 3:17-cv-00651). The Motion is **DENIED**, as consolidation is unnecessary at this stage of the proceeding.

The Clerk of Court is directed to file a copy of this Memorandum and Order in Criminal Case Nos. 3:09-cr-00240 and 3:11-cr-00117.

## II. Petitioner's Criminal Proceedings

In 2010, Petitioner was indicted in a multi-defendant case, assigned to now-retired Judge John T. Nixon, for the following offenses: Conspiracy to Commit Hobbs Act Robbery & Extortion, in violation of 18 U.S.C. §§ 1951 & 2 (Count 3); Possessing and Brandishing a Firearm in Furtherance of a Crime of Violence, *i.e.,* conspiracy to commit Hobbs Act robbery and extortion, in violation of 18 U.S.C. §§ 924(c) & 2 (Count 4); Felon in Possession of a Firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924 & 2 (Count 5); Conspiracy to Commit Hobbs Act Robbery and Extortion, in violation of 18 U.S.C. §§ 1951 & 2 (Count 6); Possessing and Discharging a Firearm in Furtherance of a Crime of Violence, *i.e.,* conspiracy to commit Hobbs Act robbery and extortion,

2

in violation of 18 U.S.C. §§ 924(c) & 2 (Count 7); and Conspiracy to Distribute, or to Possess With Intent to Distribute, five grams or more of crack cocaine, a quantity of cocaine, and a quantity of marijuana, in violation of 21 U.S.C. § 846 (Count 8). (Doc. Nos. 94, 295 in Case No. 3:09-cr-00240). In 2011, the Government filed a Felony Information charging Petitioner in Case No. 3:11-cr-00117 with an additional charge of Conspiracy to Commit Hobbs Act Robbery & Extortion, in violation of 18 U.S.C. §§ 1951 & 2. (Doc. No. 1 in Case No. 3:11-cr-00117). Dwight Scott was appointed to represent Petitioner in the criminal cases. (Doc. No. 121 in Case No. 3:09-cr-00240; Doc. No. 4 in Case No. 3:11-cr-00117).

Judge Nixon consolidated the two cases for change-of-plea hearing and sentencing. (Doc. Nos. 60, 61 in Case No. 3:11-cr-00117). Prior to the change-of-plea hearing, the Government filed an Information Alleging Prior Felony Drug Convictions (21 U.S.C. § 851), stating Petitioner had prior convictions, in the Criminal Court for Davidson County, Tennessee, for: (1) Possession of a controlled substance for resale, a Class C felony, for which he was sentenced on February 5, 2004; and (2) Sale of less than .5 grams of a Schedule II controlled substance, for which he was sentenced on or about November 18, 2004. (Doc. No. 532 in Case No. 3:09-cr-00240).

On June 22, 2011, Petitioner pled guilty to the charges in both cases, pursuant to a Plea Agreement, through which Petitioner acknowledged: he was a Career Offender under the U.S. Sentencing Guidelines, based on the two prior drug trafficking convictions identified in the Section 851 filing; that the mandatory minimum statutory sentence on the drug trafficking count (Count 8) was 10 years; and that the sentence on the two Section 924(c) convictions would be the mandatory minimum statutory penalty of 32 years, which would run consecutively to any other sentence. (Doc. No. 534 ¶¶ 10, 16, in Case No. 3:09-cr-00240; Doc. No. 9 ¶¶ 10, 16, in Case No. 3:11-cr-00117). The Plea Agreement contemplated Petitioner's cooperation and a potential motion

3

for reduction of sentence for substantial assistance on the part of the Government. (*Id.* ¶¶ 11-15, 17). The parties further agreed: "pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), that if the United States does file a motion for downward departure as provided in the preceding paragraph, that a total sentence within a range of 240-300 months followed by a ten year term of supervised release is the appropriate disposition for both cases." (*Id.* ¶ 18).

The Plea Agreement also contains a paragraph entitled "Waiver of Appeal Rights," through which Petitioner "knowingly waives the right to appeal any sentence within the range of 240-300 months imprisonment and ten years supervised release agreed upon herein pursuant to Fed. R. Crim. P. 11(c)(1)(C) under the conditions stated above." *(Id.* ¶ 23). The Plea Agreement also provides that Petitioner "knowingly waives the right to challenge that agreed sentence in any collateral attack, including, but not limited to, a motion brought pursuant to 28 U.S.C. § 2255 and/or 2241, and/or 18 U.S.C. § 3582(c)." (*Id.*)

Approximately five years later, on the day before the sentencing hearing, the Government filed a motion for downward departure based on substantial assistance. (Doc. No. 2915 in Case No. 3:09-cr-00240; Doc. No. 53 in Case No. 3:11-cr-00117). Through the motion, the Government recounted the nature of Petitioner's cooperation, and stated that, based on that cooperation, "the United States has decided to request a final sentence even lower than the bottom of the "C" agreement's sentencing range. Based on consultation with the defendant his counsel, the parties jointly request the Court to impose a final sentence totaling 188 months imprisonment and eight years supervised release." (*Id.*, at 4-5). The motion had signature lines for Petitioner and trial counsel, but those signature lines are blank. (*Id.*, at 5). On the record at the sentencing hearing on June 15, 2016, however, trial counsel advised Judge Nixon, "[w]e're just signing the government's motion for downward departure, Judge. We did have a plea agreement – and we do have a plea

4

agreement in the case that's already been submitted to the Court." (Doc. No. 61, at 2, in Case No. 3:11-cr-00117).[1] After the Assistant United States Attorney explained the parties had agreed to a 188-month sentence, Judge Nixon asked Petitioner if that was his understanding, and Petitioner answered in the affirmative. (*Id*., at 2-3).

Judge Nixon ultimately imposed the 188-month sentence in Case No. 3:09-cr-00244 as follows: Counts 3 (Hobbs Act Conspiracy), 5 (Unlawful Possession of a Firearm), 6 (Hobbs Act Conspiracy), and 8 (Drug Trafficking Conspiracy) – 44 months, concurrent with each other and with the sentence in 3:11-cr-00117; Count 4 (Section 924(c) Brandishing) – 60 months, consecutive to all other sentences; and Count 7 (Section 924(c) Discharging) – 7 years (84 months), consecutive to all other sentences. (Doc. No. 2934, at 2, in Case No. 3:09-cr-00244). Judge Nixon sentenced Petitioner to 44 months in Case No. 3:11-cr-00117 (Hobbs Act Conspiracy), concurrent with the sentence imposed on Counts 3, 5, 6, and 8 in Case No. 3:09-cr-00240. (Doc. No. 56, at 2, in Case No. 3:11-cr-00117). The record indicates no appeal was taken.

Petitioner's seeks to vacate his convictions and sentences in both cases. (Case No. 3:09-cr-00240 is challenged in Case No. 3:17-cv-00650; and Case No. 3:11-cr-00117 is challenged in Case No. 3:17-cv-00651).

### III. Analysis

**A. Section 2255 Proceedings**

Petitioner has brought this action pursuant to 28 U.S.C. § 2255. Section 2255 provides a statutory mechanism for challenging the imposition of a federal sentence:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in

---

[1] The transcript of the sentencing hearing has not been filed in Case No. 3:09-cr-00240.

> violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). In order to obtain relief under Section 2255, a petitioner "'must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict.'" *Humphress v. United States,* 398 F.3d 855, 858 (6th Cir. 2005) (quoting *Griffin v. United States,* 330 F.3d 733, 736 (6th Cir. 2003)).

If a factual dispute arises in a § 2255 proceeding, the court is to hold an evidentiary hearing to resolve the dispute. *Ray v. United States*, 721 F.3d 758, 761 (6th Cir. 2013). An evidentiary hearing is not required, however, if the record conclusively shows that the petitioner is not entitled to relief. 28 U.S.C. § 2255(b); *Ray,* 721 F.3d at 761; *Arredondo v. United States,* 178 F.3d 778, 782 (6th Cir. 1999). A hearing is also unnecessary "'if the petitioner's allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" *Monea v. United States,* 914 F.3d 414, 422 (6th Cir. 2019) (quoting *Valentine v. United States,* 488 F.3d 325, 333 (6th Cir. 2007)).

Having reviewed the record in Petitioner's underlying criminal cases, as well as the filings in these cases, and for the reasons set forth in the Court's previous Order (Doc. No. 62 in Case Nos. 3:17-cv-00650 and 3:17-cv-00651), the Court finds it unnecessary to hold an evidentiary hearing because disposition of Petitioner's claims does not require the resolution of any factual dispute.

**B. Petitioner's Claims**

In his initial *pro se* motions to vacate, Petitioner asserted a claim for ineffective assistance of counsel based on counsel's failure to file a notice of appeal in his criminal cases. (Doc. No. 1,

6

at 4; Doc. No. 2 in Case Nos. 3:17-cv-00650 and 3:17-cv-00651). After appointment of counsel, Petitioner filed an Amended Motion (Doc. No. 12 in Case No. 3:17-cv-00650 and Doc. No. 17 in Case No. 3:17-cv-00651) raising the following additional claims: (1) Petitioner's two convictions for violations of 18 U.S.C. § 924(c) must be vacated under current case law; (2) Petitioner was erroneously determined to be a Career Offender under the Sentencing Guidelines; (3) Petitioner was improperly denied credit for time spent in federal custody before his guilty plea; and (4) Petitioner received the ineffective assistance of counsel by failing to address the issues identified above, and for failing to present evidence at sentencing of harsh conditions of confinement at the Montgomery County Jail.

By Order entered May 5, 2020 (Doc. No. 62 in Case Nos. 3:17-cv-00650 and 3:17-cv-00651), the Court determined that Petitioner's claim for ineffective assistance of counsel for failure to file an appeal should be denied as moot.

### C. **Petitioner's Section 924(c) Convictions**

In *Johnson v. United States*, ___ U.S. ___, 135 S. Ct. 2551, 192 L. Ed. 2d 569 (2015), the Supreme Court held the so-called "residual clause" of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), was unconstitutionally vague. The ACCA imposes a 15-year mandatory minimum sentence for defendants convicted of certain firearms offenses who have three previous convictions for a "violent felony" or a "serious drug offense." 18 U.S.C. § 924(e)(1). The "residual clause" is part of the italicized definition of "violent felony" as set forth below:

> (2) As used in this subsection–
>
> * * *
>
> (B) the term "violent felony" means any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that –

7

(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or

(ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*. . .

(emphasis added).

Based on *Johnson,* Petitioner challenged his convictions under 18 U.S.C. § 924(c), contending they are no longer valid because the statute's definition of "crime of violence" contains a "residual clause" similar to that invalidated in *Johnson*. Section 924(c) provides in pertinent part, as follows, with the "residual clause" set forth in italics:

> (1)(A) Except to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law, any person who, during and in relation to any crime of violence or drug trafficking crime (including a crime of violence or drug trafficking crime that provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime--
>
>> (i) be sentenced to a term of imprisonment of not less than 5 years;
>>
>> (ii) if the firearm is brandished, be sentenced to a term of imprisonment of not less than 7 years; and
>>
>> (iii) if the firearm is discharged, be sentenced to a term of imprisonment of not less than 10 years.
>
> * * *
>
> (3) For purposes of this subsection the term "crime of violence" means an offense that is a felony and--
>
>> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>>
>> (B) *that by its nature, involves a substantial risk that physical force*

8

> *against the person or property of another may be used in the course of committing the offense.*

In the absence of the residual clause, Petitioner argues, the offense referenced in his Section 924(c) charges, conspiracy to commit Hobbs Act robbery and extortion, may no longer be considered to be a "crime of violence" under the statutory definition.

While this case was pending, the Supreme Court held, in *United States v. Davis,* ___ U.S. ___, 139 S. Ct. 2319, 204 L. Ed. 2d 757 (2019), that the residual clause of Section 924(c)(3)(B) is unconstitutionally vague. In its most recent brief (Doc. No. 43), the Government agrees that, in light of *Davis*, Petitioner's Section 924(c) convictions should be vacated. *See United States v. Ledbetter*, 929 F.3d 338, 361 (6th Cir. 2019) (invalidating Section 924(c) conviction based on predicate offense of conspiracy to commit Hobbs Act robbery where government relied only on residual clause). Accordingly, the Court concludes Counts 4 and 7 should be vacated.

Although conceding the convictions should be vacated, the Government goes on to argue Petitioner is nonetheless bound to a 188-month sentence based on the parties' binding agreement. The Government contends that "[t]he fact that the agreed sentence was allocated among the two underlying cases, and among counts in those cases does not affect the actual agreement, but was simply done after the fact to implement the agreement." (Doc. No. 43, at 3). According to the Government, "vacating the § 924(c) [convictions] unbundles the sentencing package, and the same sentence should be re-imposed on the surviving counts." (*Id.*)

As the Government acknowledges, vacating Petitioner's Section 924(c) convictions will require resentencing on the remaining counts of conviction. In *Davis,* the Court recognized "[w]hen a defendant's § 924(c) conviction is invalidated, courts of appeals 'routinely' vacate the defendant's entire sentence on all counts 'so that the district court may increase the sentences for

9

any remaining counts' if such an increase is warranted.'" 139 S. Ct. at 2336 (citing *Dean v. United States,* 581 U.S. ___, 137 S. Ct. 1170, 1176, 197 L. Ed. 2d 490 (2017)). The appropriate sentence on Petitioner's remaining counts of conviction, and whether Petitioner may be bound to an agreed 188-month sentence, are issues that will be decided in resentencing Petitioner in the underlying criminal cases, after the preparation of a revised presentence investigation report and appropriate briefing.

### D. Petitioner's Designation as Career Offender

As noted above, before the plea hearing, the Government filed an Information Alleging Prior Felony Drug Convictions (21 U.S.C. § 851), stating Petitioner had prior convictions, in the Criminal Court for Davidson County, Tennessee, for: (1) Possession of a controlled substance for resale, a Class C felony, for which he was sentenced on February 5, 2004; and (2) Sale of less than .5 grams of a Schedule II controlled substance, for which he was sentenced on or about November 18, 2004. (Doc. No. 532 in Case No. 3:09-cr-00240). Through the Plea Agreement, Petitioner acknowledged he was a Career Offender based on these two convictions. (Doc. No. 534 ¶¶ 10, 16, in Case No. 3:09-cr--00240; Doc. No. 9 ¶¶ 10, 16, in Case No. 3:11-cr-00117). Petitioner now argues he should no longer be designated as a Career Offender because his prior conviction for possession with intent to resell does not satisfy the definition of "controlled substance offense" under the Sentencing Guidelines.

The Court finds it unnecessary to address this argument, however, because under current case law, Petitioner may no longer be designated as a Career Offender for another reason – his "instant offense of conviction" (Conspiracy to Distribute, or to Possess With Intent to Distribute, five grams or more of crack cocaine, a quantity of cocaine, and a quantity of marijuana in violation of 21 U.S.C. § 846) may no longer satisfy the definition of a "controlled substance offense" under

10

the Sentencing Guidelines.

Sentencing Guideline 4B1.1(a) provides that a defendant is a "career offender" if: "(1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." Sentencing Guideline 4B1.2(b) defines "controlled substance offense" as follows: "an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense." Application Note 1 Guideline 4B1.2 states: "'[c]rime of violence' and 'controlled substance offense' include the offenses of aiding and abetting, conspiring, and attempting to commit such offenses."

In *United States v. Havis,* 927 F.3d 382, 386-87 (6th Cir. 2019), the Sixth Circuit held that "attempt" crimes do not qualify as "controlled substance offenses" because "attempt" crimes were not included in the text of Section 4B1.2(b). In reaching its decision, the court reasoned that the commentary about "attempts" went beyond interpreting the text of the Guideline, and did not deserve deference. *Id.* Other courts have relied on *Havis* to conclude that "conspiracy" crimes should be treated the same way, and thus, do not qualify as "controlled substance offenses." *See, e.g., United States v. Jimmie Butler,* No. 19-1587 (6th Cir. May 5, 2020); *United States v. Powell,* 2020 WL 1852750 (N. D. Ohio Apr. 13, 2020).

As with the Government's argument about the effect of the Plea Agreement on the remaining counts, however, the issue of whether Petitioner still qualifies as a Career Offender is

11

one that should be decided as part of the sentencing process in Petitioner's criminal cases, after the preparation of a revised presentence investigation report and appropriate briefing.

### E. Credit for Time Served

Petitioner argues his Fifth and Sixth Amendment rights have been violated by the failure of the Bureau of Prisons to give him appropriate credit for all the time he served in federal and state custody before he was sentenced. Challenges to the Bureau of Prisons' calculation of custodial credit, however, must be filed under 28 U.S.C. § 2241 in the district court having jurisdiction over the prisoner's custodian. *See, e.g., Sutton v. United States*, 172 F.3d 873 (6th Cir. 1998); *United States v. Ford*, 16 Fed. Appx. 314 (6th Cir. June 20, 2001). Petitioner's request has been brought under Section 2255, not Section 2241. In addition, Petitioner's recent filings indicate he is incarcerated in Texas (Doc. No. 46 in Case Nos. 3:17-cv-00650 and 3:17-cv-00651), which is outside the jurisdiction of the Middle District of Tennessee. Thus, the Court does not have jurisdiction of Petitioner's challenge to the Bureau of Prison's determination about sentencing credit.

### F. Ineffective Assistance of Counsel

In order to prevail on an ineffective assistance of counsel claim, the burden is on the petitioner to show: (1) counsel's performance fell below an objective standard of reasonableness; and (2) the deficiency was prejudicial to the defense. *Strickland v. Washington,* 466 U.S. 668, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674 (1984); *Garza v. Idaho*, ___ U.S. ___, 139 S. Ct. 738, 744, 203 L. Ed. 2d 77 (2019). The court need not address both requirements if the petitioner makes an insufficient showing on one. *Strickland*, 104 S. Ct. at 2069.

An attorney's performance is considered deficient "if counsel's representation fell below an objective standard of reasonableness." *Strickland,* 466 U.S. at 688; *Huff v. United States*, 734

12

F.3d 600, 606 (6th Cir. 2013). To prove deficient representation, the petitioner must show "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.,* at 687. In reviewing counsel's performance, the court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.,* at 669.

To establish prejudice, the petitioner must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.*, at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* The likelihood of a different result "must be substantial, not just conceivable." *Harrington v. Richter*, 562 U.S. 86, 112, 131 S. Ct. 770, 792, 178 L. Ed. 2d 624 (2011).

Petitioner first argues counsel was ineffective for failing to challenge his Section 924(c) convictions based on the arguments set forth above. As the Court has granted relief on that claim, and his Section 924(c) convictions will be vacated as a result, this claim is moot. *See, e.g., Hill v. Sheets,* 409 Fed. Appx. 821, 824 (6th Cir. 2010).

Petitioner also argues counsel was ineffective for failing to challenge his status as a Career Offender because his prior conviction for possession with intent to resell does not qualify as a "controlled substance offense" under the Sentencing Guidelines. For the reasons described above, this claim is likely moot as Petitioner may no longer qualify as a Career Offender based on the offense of conviction.

In any event, Petitioner has not shown trial counsel was deficient in failing to raise such a claim. In *Darrell Whyte v. United States,* No. 19-5682 (6th Cir. Feb. 5, 2020), the Sixth Circuit recently held that counsel was not ineffective in failing to challenge the petitioner's drug convictions at his April 2016 sentencing because "at the time that Whyte signed the plea agreement

13

and pleaded guilty to the offense (and for a period of time thereafter), we had consistently ruled that section 39-17-417[2] was categorically a controlled substance offense." *Id.*, at *3 (citing *United States v. Alexander,* 686 Fed. Appx. 326, 327-28 (6th Cir. 2017; *United States v. Douglas,* 563 Fed. Appx. 371, 377-78 (6th Cir. 2014) (collecting cases)). Thus, such an argument by counsel in Petitioner's criminal cases would have been meritless, and counsel is not ineffective for failing to raise meritless arguments. *See, e.g., Whyte, supra; Coley v. Bagley,* 706 F.3d 741, 752 (6th Cir. 2013) ("Omitting meritless arguments is neither professionally unreasonable nor prejudicial."); *Mapes v. Coyle*, 171 F.3d 408, 413 (6th Cir. 1999) ("[T]here can be no constitutional deficiency" in failing to raise meritless arguments); *Ludwig v. United States*, 162 F.3d 456, 459 (6th Cir. 1998) (counsel is not required to make meritless arguments to avoid a charge of ineffective assistance of counsel.)

Petitioner argues trial counsel should have requested, at sentencing, that the court adjust his sentence to reflect the period of imprisonment for which he claims he has not received credit. The Government argues such a request by trial counsel would have violated the Plea Agreement, which would have resulted in substantial prejudice to Petitioner.

At sentencing, trial counsel asked Judge Nixon to recommend Petitioner receive jail credit from April 24, 2009, the date he was indicted and detained on state charges similar to his federal charges. (Doc. No. 61, at 7, in Case No. 3:11-cr-00117). The Government had no objection "[a]s long as that's only a recommendation . . . [because] statutorily it's a BOP jurisdictional matter . . ." *(Id.*, at 7-8*)*. Judge Nixon granted the request and the recommendation appeared in the Judgment in Case No. 3:09-cr-00240. (Doc. No. 2934, at 2).

---

[2] The parties agree Petitioner's prior convictions were for violations of Tennessee Code Annotated 39-17-417.

14

Petitioner has not shown trial counsel should have foreseen the BOP's subsequent decision to deny Petitioner credit for this period of detention. Nor has Petitioner shown that trial counsel would have been unreasonable in declining to request the remedy he suggests – an adjustment to his sentence to reflect this pre-sentence detention period. As the Government points out, such a request could have been challenged as a breach of the Plea Agreement, and without the Plea Agreement, Petitioner faced a much higher sentence. *See Strickland*, 466 U.S. at 681 (recognizing that reasonable strategic choices by counsel are owed deference by a reviewing court). Petitioner has not shown trial counsel was ineffective in that regard.

Petitioner also argues trial counsel should have introduced evidence at the sentencing hearing establishing his harsh conditions of confinement at the Montgomery County Jail, and based on that evidence, should have requested a reduced sentence. The Government argues that course of conduct would also have violated the Plea Agreement.

At sentencing, trial counsel advised the court that Petitioner wished to speak, and Petitioner addressed the harsh conditions of confinement at the Montgomery County Jail, requesting "extra jail credits" for the time spent in those conditions. (Doc. No. 61, at 8-9, in Case No. 3:11-cr-00117). In response to Petitioner's statement, the Government pointed out Petitioner's request violated the agreed sentence, and that Petitioner had presented no proof of the harsh conditions. (*Id.,* at 9). When asked for his response, counsel for Petitioner told the court he could not advocate a position that would violate the Plea Agreement because that would "be harmful to Mr. Smith." (*Id.*) Judge Nixon ultimately denied the request. (*Id.*, at 10).

As with the jail credit argument, Petitioner has not shown trial counsel was unreasonable in concluding that requesting a sentence lower than the one agreed to by the parties would violate the Plea Agreement, and without the Plea Agreement, Petitioner faced a much higher sentence.

15

*See Strickland*, 466 U.S. at 681. Petitioner has not shown trial counsel was ineffective in that regard.

In sum, Petitioner has not shown he received the ineffective assistance of counsel in his criminal proceedings.

## IV. <u>Conclusion</u>

For the reasons set forth above, the Court concludes Petitioner's request for Section 2255 relief should be granted in part, and denied in part.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE